IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICTOF FLORIDA
TAMPA DIVISION

**ALTOR LOCKS, LLC,**
a Virginia limited liability company                    CASE NO:

    Plaintiff,

v.

**PROVEN INDUSTRIES, INC.,**
a Florida corporation                    **DEMAND FOR JURY TRIAL**

    Defendants.
_____/

# COMPLAINT

Plaintiff, Altor Locks, LLC ("Altor"), by and through the undersigned counsel, brings this lawsuit against Defendant, Proven Industries, Inc. ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition arising under the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d), as well as a related Florida state law claims. Plaintiff offers a variety of bicycle and trailer locks using the SAF trademark ("SAF mark"), including SAF Lock and SAF Trailer Locks. Altor owns valuable rights and goodwill in the SAF trademark, which they have used continuously since August 2019. Altor owns a United States federal

trademark registration for the SAF trademark for "Locks of metal for vehicles; Bicycle locks of metal" (Registration No. 6,491,843) and have an application for the SAF trademark for "Metal locking device or trailer hitch couplers" (Serial No. 97184538). Altor has also applied for a registration of the SAF mark with the State of Florida. Altor became aware that Defendant began using the SAF mark for sales and marketing of an almost identical trailer coupler lock.

## THE PARTIES

2. Plaintiff, Altor Locks, LLC, is a Virginia limited liability company, with its principal place of business located at 45910 Transamerica Plaza, Suite 106, Sterling, VA 20166.

3. Defendant, Proven Industries, Inc. is a Florida corporation and maintains its principal place of business at 2310 South Dock St., Unit 111, Palmetto, FL 34221.

## JURISDICTION AND VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this judicial district and/or a substantial part of the property that is the subject of the action is situated in this district.

5. The claims of trademark infringement and unfair competition asserted in this action arise under the provisions of the Lanham Act, 15 U.S.C. § 1501 et seq.

This Court has original jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a). This Court further has jurisdiction of the Florida state law claim pursuant to 28 U.S.C. § 1367.

6. Pursuant to Fla. Stat. 48.193, this Court has personal jurisdiction over Proven Industries, Inc. as they operate and conduct business in the State of Florida.

7. All conditions precedent to the commencement of this action, if any, have been performed, satisfied, waived, excused or have occurred.

## FACTUAL BACKGROUND

8. Altor realleges Paragraphs 1 – 7 as if fully set forth herein.

9. Altor designs and manufactures a wide variety of metal locks, including, but not limited to, the SAF Trailer Lock (SAF 2516 Trailor Locks) and the SAF Lock.

10. Altor has been selling and advertising such products under the SAF trademark since as early as August 2019.

11. Over the past few years, Altor has expended a great deal of time and funds building and promoting the SAF mark resulting in substantial goodwill and consumer recognition, particularly within the metal lock industry.

12. Altor is the owner of a registration with the United States Patent and Trademark Office ("USPTO") for the SAF mark for "Locks of metal for vehicles;

Bicycle locks; Bicycle locks of metal." A true and correct copy of the registration is attached hereto as **Exhibit "A."**

13. Altor is also the owner of an application with the USPTO for the SAF mark for "Metal locking device for trailer hitch couplers." A true and correct copy of the application is attached hereto as **Exhibit "B."**

14. Altor has applied for a registration with the State of Florida for the SAF mark.

15. The registration for Altor's SAF mark is valid and subsisting, and has not been cancelled, revoked, or abandoned.

16. As a result of Altor's use of the SAF mark, the widespread sale and rendition of SAF locks to the public, and the quality services rendered and sold under the SAF mark, such services have come to be, and now are, well and favorably known to the trade and public. The SAF mark is identifiable as being owned and used by Altor.

17. As a result of Altor's use of the SAF mark, the widespread sale and rendition of SAF locks to the public, and the quality services rendered and sold under the SAF mark, valuable goodwill in the business has been generated. The goodwill is symbolized by the SAF mark, which is undeniably owned by Altor.

18. Despite Altor's common law rights and federal trademark registrations for the SAF mark, Altor became aware that Defendant began using the SAF mark to market and sell metal locks to the public.

19. A screenshot of the Defendant's website demonstrating Defendant's infringement of the SAF mark is attached hereto as **Composite Exhibit "C."**

20. Prior to releasing its infringing products, the Defendants sent threatening and menacing text messages to Altor Locks. Screenshots of the text messages are attached hereto as **Composite Exhibit "D."**

21. These communications demonstrate the willful and malicious intent of the Defendant, as well as the intent to continue to infringe on Altor's trademark and goodwill.

22. The Defendant and/or the Defendant's agents have made, and continue to make, unfounded and misleading statements about the quality and origin of Altor's products.

23. For example, the Defendant and/or the Defendant's agents, have left unfounded and misleading reviews across multiple social media platforms regarding the quality and origin of Altor's products.

24. Upon information and belief, these statements were made with the intent of inducing consumers to not purchase Altor's locks, and instead purchase the infringing products from the Defendant's website.

25. By virtue of the foregoing, Defendant is infringing upon the SAF mark and unfairly competing with Altor. Defendant's use in connection with its business is likely to cause confusion, mistake, or deception among the trade and the public.

26. Defendant has intentionally, actively, and persistently infringed on Altor's trademark rights and has acted in a manner that has resulted in unfair competition with Altor.

27. Defendant's intentional infringement of the SAF mark and unfair competition is causing irreparable injury to Altor. Unless the injunction sought in this Complaint is granted, Altor will continue to experience irreparable injury due to the confusion, mistake, and deception. Altor has suffered, and will continue to suffer, damages although the exact amount is unknown to Altor at this time.

28. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Altor.

29. Altor has engaged the law firm of Stanton IP Law Firm, P.A. to represent them and are obligated to pay their attorneys a reasonable fee for their services in this action.

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C §§1114, 1116, and 1117)

30. Altor realleges Paragraphs 1 through 29 of this Complaint as if fully restated herein.

31. This is an action for an injunction arising under 15 U.S.C. §§ 1114 and 1116, and for damages arising under 15 U.S.C. §§ 1114 and 1117.

32. Defendant has, by virtue of its above-described acts, infringed upon Altor's rights in their federal trademark registrations in violation of 15 U.S.C. § 1114.

33. Defendant's above-described acts of infringement have been committed, and are continuing to be committed, willfully and with the knowledge that their above-described marks are intended to be used to cause confusion, or to cause mistake, or to deceive.

34. Defendant's above-described acts of infringement have caused irreparable injury to Altor and will continue to cause irreparable injury to Altor if Defendant is not restrained by this Court from further violating Altor's trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement. Altor has no adequate remedy at law.

35. As a result of the above-described intentional and deliberate infringement of Altor's trademark rights by Defendant, Altor is entitled to an injunction and an award of Defendant's profits, up to three (3) times any damages sustained by Altor, costs of this action, attorneys' fees as set forth in 15 U.S.C. §§ 1116 and 1117, and any other relief this Court deems proper.

## COUNT II – FALSE DESIGNATION OF ORIGIN
### (In Violation of 15 U.S.C. §1125(a)(1)(A))

36. Altor realleges Paragraphs 1 through 29 of this Complaint as if fully restated herein.

37. This is an action for injunctive relief and damages for false designation of origin, description or representation arising under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a)(1)(A).

38. Altor owns trademark SAF for "Locks of metal for vehicles; Bicycle locks; Bicycle locks of metal" and has applied for registration as to the SAF mark for "Metal locking device for trailer hitch couplers."

39. The SAF mark is distinctive in that it is neither generic nor descriptive.

40. The SAF mark is arbitrary in that it is neither suggestive nor descriptive nor generic.

41. The SAF mark has been advertised and used in interstate and foreign commerce throughout the United States.

42. The SAF mark has become, through public acceptance and recognition, an asset of value as a symbol of Altor's quality products and its goodwill.

43. The Defendant used the SAF mark in commerce without the consent of Altor.

44. The Defendant's deliberate unauthorized use of the SAF mark in commerce is likely to cause confusion, because, among other things: (a) The Defendant's use of the SAF mark is likely to confuse the public as to the source or origin of the Defendant's goods; (b) the Defendant's use of the SAF mark is likely to confuse the public because the Defendant is marketing and selling the same types of goods as Altor and bears Altor's SAF mark, suggesting some affiliation with Altor where none exists; (c) The Defendant and Altor market to the same customers in the same geographic area; and (d) the Defendant's goods are sold in the same and similar channels of trade as those products sold by Altor.

45. The Defendant's unauthorized adoption and commercial use of the SAF mark, as alleged above, in connection with its goods and services is likely to cause confusion as to the source or origin of the Defendant's goods and as to the Defendant's affiliation, connection or association with Altor.

46. The Defendant, by its acts and conduct alleged above, has violated Section 43(a) of the Lanham Act.

47. The Defendant will continue to infringe the SAF mark and irreparably harm Altor unless enjoined by this Court.

48. Altor has no adequate remedy at law.

49. As a result of the Defendant's infringement, pursuant to 15 U.S.C. 1117, FFC is entitled to an award of damages including (a) the Defendant's profits; (b) Altor's damages; and (c) all costs of this action.

50. The Defendant's infringing conduct is willful and deliberate and with reckless disregard for Altor's rights in the federally registered, and ongoing application for, the SAF mark, making this case an exceptional case under 15 U.S.C. 1117, and entitling Altor to an award of the Defendant's profits after an accounting, exemplary damages and attorney's fees.

### COUNT III – FEDERAL UNFAIR COMPETITION
### (In Violation of 15 U.S.C. §1125(a)(1)(B))

51. Altor realleges Paragraphs 1 through 29 of this Complaint as if fully restated herein.

52. This is an action for an injunction arising under 15 U.S.C. §§ 1116 and 1125, and for damages arising under 15 U.S.C. §§ 1117 and 1125.

53. Defendant has, by virtue of its above-described acts, infringed upon Altor's federally registered and common law rights in the SAF mark and are competing unfairly with Altor by using the SAF mark on Defendant's products in violation of 15 U.S.C. § 1125.

54. Defendant's above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, willfully

with the knowledge that its above-described marks are intended to be used to cause confusion, or to cause mistake, or to deceive.

55. Defendant's above-described acts of infringement and unfair competition have caused irreparable injury to Altor and will continue to cause irreparable injury to Altor if Defendant is not restrained by this Court from further violating Altor's trademark rights and competing unfairly with Altor due to the confusion, mistake or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition. Altor has no adequate remedy at law.

56. As a result of the above-described intentional and deliberate infringement of Altor's trademark rights by Defendant, Altor is entitled to an injunction and an award of Defendant's profits, up to three (3) times any damages sustained by Altor, costs of this action, attorneys' fees as set forth in 15 U.S.C. §§ 1116 and 1117, and any other relief this Court deems proper.

### COUNT IV – FALSE ADVERTISING/FALSE ENDORSEMENT
### (In Violation of 15 U.S.C. §1125(a)

57. Altor realleges Paragraphs 1 through 29 of this Complaint as if fully restated herein.

58. This cause of action arises out of Defendant's knowing, willfully false, and misleading statements relating to the sale of its infringing product in violation of the Lanham Act.

59. Upon information and belief, Defendant uses the SAF mark to promote almost identical metal locks to mislead the public into believing they are purchasing an Altor SAF lock. *See* Exhibit C.

60. The Defendant and/or the Defendant's agents have made, and continue to make, unfounded and misleading statements about the quality and origin of Altor's products that are likely to have a material effect on the purchasing decision of consumers.

61. The Defendant communicates these misleading statements through social media sites and online store to consumers throughout Florida and the United States, thereby affecting interstate commerce.

62. These statements are misleading because they convey a false impression of the affiliation of the parties, as well as false and misleading statements about the quality and origin of Altor's products. These statements are likely to deceive consumers.

63. Altor has not authorized the Defendant to sell SAF metal locks or use its SAF mark.

64. These intentional and deliberate false and/or misleading descriptions of fact are intended to deceive consumers into purchasing metal locks from the Defendant.

65. Altor has suffered substantial damages caused by the Defendant's misrepresentations. Altor has been, and will continue to be, injured as a result of Defendant's misrepresentations and will suffer severe and irreparable harm, unless the misrepresentations are enjoined by this Court.

## COUNT V – FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

66. Altor realleges Paragraphs 1 through 29 of this Complaint as if fully restated herein.

67. Defendant's acts, as described above, were performed by the Defendants in the course of trade or commerce.

68. Defendant's acts, as described above, constitute unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices.

69. Defendant's acts, as described above, are likely to deceive consumers into thinking that there is an affiliation between Altor and the Defendants and/or that Altor endorses Defendant's goods and/or business practices.

70. Defendant's acts of unfair competition have caused, and will continue to cause, Altor irreparable harm for which Altor has no adequate remedy at law. Therefore, Altor is entitled to injunctive relief.

71. Defendant's acts of unfair competition have caused Altor to suffer losses in an amount to be determined at trial. Altor is entitled to actual damages, plus attorney's fees and costs, pursuant to Fla. Stat. §501.2105 and §501.211.

### COUNT VI – FLORIDA TRADEMARK INFRINGEMENT

72. Altor realleges Paragraphs 1 through 29 of this Complaint as if fully restated herein.

73. Altor has applied to register it's SAF mark, which is a distinctive mark and serves as an exclusive source indicator for Altor's high quality metal locks.

74. Defendant is not a licensee or otherwise authorized to use Altor's SAF mark and have no right to hold themselves out as the source of Altor's SAF mark.

75. Defendant's unauthorized use of Altor's SAF mark, in commerce, in connection with the promotion and sale of metal locks is likely to cause confusion among consumers—and, in fact, has caused consumer confusion—as to the source of the metal locks offered by Defendant.

76. Defendant is engaging in the aforementioned conduct willfully and with full knowledge and awareness of Altor's prior and continuing trademark rights, and with the purpose and intent of trading off the goodwill in Altor's SAF mark and confusing the relevant consuming public into mistakenly believing that Defendant is the source of SAF locks or that Defendant's goods are otherwise sponsored by, authorized by, or associated with Altor.

77. Defendant's actions constitute trademark infringement in violation of Fla. Stat. §495.001, et seq., and have caused Altor injury, including without limitation irreparable injury to the goodwill associated with Altor's SAF mark, which will continue unless enjoined.

78. Altor is entitled to all the remedies available under Florida's Registration and Protection of Trademarks Act, including but not limited to: injunctive relief; compensatory damages to be proven at trial; an accounting of Defendant's profits from use of the confusingly similar SAF mark and disgorgement of same; reasonable attorneys' fees; and exemplary, treble damages due to the exceptional nature of this case.

**WHEREFORE**, Altor demands judgment against Defendant for:

a) an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Altor's trademark rights and unfairly competing with Altor in any manner whatsoever in connection with the operation of their business, and from continuing to operate their business in any manner tending to confuse or deceive the public into believing that their business is in any way connected with, sponsored by, or affiliated with Altor;

b) an order directing Defendant to file with the Court and serve upon Altor a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction entered by the Court within thirty (30) days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

c) an accounting of Defendant's wrongfully derived profits and an order that the same be paid over to Altor;

d) up to three (3) times any damages sustained by Altor;

e) punitive damages;

f) restitution to Altor of any and all money Defendant has acquired by means of unfair competition;

g) interest on such profits and damages at the highest rate allowed by law;

h) costs of this action;

i) attorneys' fees; and

j) such other relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Altor Locks, LLC, by and through their undersigned attorneys, request a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Altor reserves the right, upon further investigation and discovery, to assert such claims against Defendants and other responsible parties as may be just and appropriate under the circumstances.

Dated: March 14, 2022

Respectfully submitted

/s/ Thomas Stanton
**Thomas H. Stanton, Esq.**
tstanton@stantoniplaw.com
Florida Bar No. 127444
STANTON IP LAW FIRM, P.A.
201 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602
PH: 813.421.3883

*Attorney for Plaintiff*