# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ALTOR LOCKS, LLC,**

    Plaintiff,

v.                                         Case No: 8:22-cv-597-MSS-TGW
                                                            FILED UNDER SEAL

**PROVEN INDUSTRIES, INC.,**

    Defendant.

_____

## SEALED ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Preliminary Injunction, (Dkt. 17), and Defendant's response in opposition thereto. (Dkt. 21) On May 24, 2022, the Court held an evidentiary hearing on Plaintiff's Motion.

To obtain a preliminary injunction, the moving party must demonstrate "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." ACLU of Fla., Inc. v. Miami-Dade County Sch. Bd., 557 F. 3d 1177, 1198 (11th Cir. 2009). For the reasons stated on the record at the hearing, and upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court finds based on the

record before it that Plaintiff has met its burden for the issuance of a preliminary injunction. Specifically, the Court finds as follows:

1. Plaintiff has demonstrated likelihood of success on the merits with respect to the infringement on its mark. Plaintiff has demonstrated that its mark has priority and that Defendant's use of its mark was likely to cause consumer confusion. See Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc., 830 F.3d 1242, 1255 (11th Cir. 2016). Six of the seven factors weigh in Plaintiff's favor. The evidence presented at the hearing demonstrated that SAF mark is strong and distinctive. The SAF mark used by the Defendant is similar, if not identical to Plaintiff's mark. The goods represented by the mark are similar if not identical; in fact, Defendant altered its trailer hitch lock to more closely resemble Plaintiff's product. There is a similarity of sales methods and advertising media used by the parties. There was significant evidence of Defendant's intent to infringe, including admissions that it used Plaintiff's mark knowingly to get a reaction from Plaintiff and text messages reflecting Defendant's principal's intent. The Court also finds that Defendant's principal's statement that he did not know the implications of SAF as a protectable mark at the time he engaged in this conduct to be belied by the fact that he has three trademarks or trademark applications of his own.

2. Plaintiff has demonstrated that it will suffer irreparable harm if Defendant's conduct is not enjoined. Plaintiff has demonstrated the

substantial risk of loss of control of its reputation, loss of goodwill, and the probability of consumer confusion. Moreover, given the aggressive and deliberate nature of the Defendant's conduct, the Court cannot conclude that Defendant would not resume infringing absent entry of an injunction.

3. The injury Plaintiff would suffer absent entry of a preliminary injunction outweighs the harm the injunction would cause to Defendant. Plaintiff would suffer substantial harm if the injunction were not entered and Defendant resumed its infringing conduct. In contrast, Defendant, which has demonstrated no right to use the SAF mark, could suffer no legitimate hardship by being enjoined from using it. This is especially so where Defendant ceased using the mark after it was sued and cannot show any consequent harm.

4. The public interest is served by the issuance of a preliminary injunction to protect Plaintiff's mark and protect customers from being misled.

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's Motion for Preliminary Injunction, (Dkt. 17), is **GRANTED**.

2. Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order are hereby restrained and enjoined, until further Order of this Court:

    a.    from labeling any of its products with the SAF mark, alone or coupled with any other designation,

    b.    from holding itself out as a seller of SAF products by any means on any website.

3. During the pendency of this litigation, Defendant shall preserve and will not destroy any documents, electronically stored information, and tangible things it has in its possession, custody, or control that may be relevant to support a claim or defense in this action. This includes, but is **NOT LIMITED TO** the following:

    a.    any product that it has manufactured bearing any SAF Mark or any evidence related to the manufacture, importation, sale, offer for sale, distribution, or transfer of any product that it has manufactured bearing any SAF Mark.

    b.    any computer files relating to the use of any of the Internet-based e-commerce store website businesses under its Seller ID and shall take all steps necessary to retrieve computer files relating to the use of the Internet-based e-commerce stores under its Seller ID that may have been deleted before the entry of this Order;

    c.    This Order shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names,

       e-commerce stores, which are being used by Defendant for the purpose of marketing trailer hitch locks with the SAF Mark at issue in this action and/or unfairly competing with Plaintiff;

4. Plaintiff shall post with the Clerk of this Court a cash or surety bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) for the duration of the preliminary injunction, as payment of damages to which Defendant may be entitled if it is found to have been wrongfully enjoined or restrained. See Fed. R. Civ. P. 65(c). Such bond shall be posted **IMMEDIATELY**. Plaintiff shall file Notice with the Court following its posting of the bond.

5. This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

6. This Order shall be **SEALED** for the reasons stated at the hearing. The Parties shall have **twenty-one (21) days** from the date of this Order to move to lift the seal or file a notice that they do not intend to do so.

**DONE** and **ORDERED** in Tampa, Florida this 3rd day of June 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record
Any Pro Se Party